[Crim. No. 4560. Second Dist., Div. One. Mar. 7, 1951.]

THE PEOPLE, Respondent, v. ROBERT W. CHAMBERS, Appellant.

Paul E. Tapley for Appellant.

Fred N. Howser, Attorney General, and Doris Maier, Deputy Attorney General, for Respondent.

DRAPEAU, J.—By an information containing two counts, defendants were charged jointly with the crimes of burglary and grand theft, in that on April 6, 1950, they entered a warehouse with intent to commit theft and unlawfully took away over $200 worth of cigarettes.

The jury found them guilty as charged and the crime of burglary was fixed at second degree. Thereafter, defendant Chambers' application for probation was denied and he was sentenced to state's prison. He alone appeals from the ensuing judgment of conviction.

It is here contended that the evidence is legally insufficient to support the verdict on either count of the information, and that the trial court erred in its refusal to give appellant's proposed instruction on the question of identification.

This court must view the evidence in the light most favorable to respondent. (*People* v. *Newland,* 15 Cal.2d 678 [104 P.2d 778].)

An examination of the record discloses that about 8 o'clock in the morning of April 6, 1950, Mr. Yowell, a route salesman for the Coast Cigarette Vendors of 2811 South Hill Street, Los Angeles, loaded his car with a day's supply of cigarettes, approximately 4,000 packs. His car was parked on a loading platform located on a roof-covered driveway within the warehouse of the said vending company. After he finished loading the car he stepped into the office about 40 feet away. When he returned in about five minutes he discovered that four cases of cigarettes, containing about 2,100 packages, were missing from his car.

About the same hour, Mrs. Margaret McMahon, who occupied a rear ground floor apartment in a building adjacent

to the warehouse, noticed a blue two-door Buick coupé parked at an angle in 28th Street opposite her apartment. Her attention was first attracted to the car, she said, because it was illegally parked. She then observed appellant Chambers carry three cases of cigarettes, one at a time, from the direction of the warehouse to the car. One of these he placed in the "turtle," and as he did so, she saw another case therein. Defendant Carlson stood near the car and helped appellant place the case in the turtle and two more cases in the back of the car. While appellant was hurrying back and forth from the warehouse to the car, Mrs. McMahon wrote the license number of the car on a piece of paper. Before the men drove off, she saw defendant Carlson bend the license plates "so as to hide the number." Mrs. McMahon gave the license number to the salesman, Mr. Yowell, and described the men as two colored gentlemen, one tall and one short.

On April 12, 1950, while cruising around the same neighborhood in the same car, both men were apprehended. On that day Mrs. McMahon identified them at the University Police Station as the same men she saw putting cases of cigarettes in the Buick on April 6, 1950.

The defense produced the witness, Mr. Goodman, who testified that appellant's Buick had been brought into his garage for repairs, either on the evening of April 5th or the morning of April 6th. That the bill for the work showed that a water pump was installed for $50; that $2.00 was paid on April 6th, the balance payable within 10 days. He further stated that the date on the bill "4-6-50" referred to the date when appellant "picked the car up and paid and also the date that the work was performed on it." To the question: "It could have been picked up on the morning of the 6th, could it?" the witness replied: "Could have." He had no recollection as to whether the car was towed in on the 5th or the 6th. On rebuttal, Police Officer Jensen testified that he had a conversation with Mr. Goodman at which time the latter told him that he did not remember when the car was taken out of the garage, either the 4th, 5th or 6th of April.

■ It is readily apparent from the foregoing résumé that the verdicts and the judgment are sufficiently supported by the evidence. Mrs. McMahon, an eyewitness to the offenses charged, positively identified both defendant Carlson and appellant Chambers as the participants therein. Opposed to this, the testimony of Mr. Goodman is directed to the view

that appellant's automobile was undergoing repairs at the time the crimes were committed.

The jury being the exclusive judges of the credibility of the witnesses (Code Civ. Proc., § 1847), and of the effect and value of the evidence addressed to them were justified in resolving the question of identity against the contentions of appellant.

The trial court did not err in its refusal to give the following instruction:

"The Court instructs the Jury, so far as the identity of the defendants is concerned, that if you believe from the evidence and the circumstances prove that there is a reasonable doubt whether the prosecuting witness might not be mistaken as to the identity of the defendant, then the Jury would not be authorized to find the defendant guilty of the offenses charged."

The jurors in the instant cause were fairly and fully instructed. The instructions included charges regarding the credibility of witnesses; the weight to be accorded conflicting testimony; the meaning and methods of impeachment, the presumption of innocence, reasonable doubt, and burden of proof. They were given definitions of burglary, theft, principals, and in addition they were instructed as follows:

"When one who was not at the place where a crime was committed at the time of its commission is later charged with having been present and having committed or taken part in committing such a crime, his absence from the scene of the crime, if proved, is a complete defense that we call an alibi.

"Each of the defendants in this case has introduced evidence tending to prove that he was not present at the time and place of the commission of the alleged offense, for which he is here on trial. If, after a consideration of all the evidence, you have a reasonable doubt whether or not a defendant was present at the time the crime was committed, he is entitled to an acquittal."

These instructions were sufficient to advise the jury on the matter of identity. It should not be overlooked that this is not a conviction which has its basis in circumstantial evidence, but is one based on the testimony of an eyewitness.

For the reasons stated, the judgment appealed from is affirmed.

White, P. J., and Hanson, J. pro tem., concurred.